JONA. AUSTIN, Assignee in Bankruptcy of J. P. Amaral
*vs.* CHAS. MICHIELS.

TROVER.  BEFORE PRESTON, J.

JUNE, 1886.

A creditor took possession of a trader's stock under an agreement: held, the creditor was liable to the trader's assignee in bankruptcy for all goods bought by the bankrupt from outside parties: and the value of the goods at date of conversion, as per an inventory taken at that time, less expenses of auction sale, held to be the measure of damages.

DECISION OF PRESTON, J.

This is an action of trover for certain dry goods, groceries and provisions, being the stock-in-trade of said bankrupt Jose P. Amaral, alleged to have been converted by the defendant to his own use.

The defendant, under an agreement in writing with the bankrupt, furnished the latter with certain dry goods and merchandise for sale at Hilo, and the bankrupt was to pay the daily receipts and furnish weekly accounts to the agent of the defendant.

The defendant was to be allowed ten per cent upon all groceries and other goods purchased by the bankrupt with the knowledge of the defendant.

The agreement contains other provisions as to insurance, etc., which it is not necessary further to allude to.

Power was given to the defendant, upon failure by the bankrupt to fulfil any of the conditions, to confiscate all the goods of the bankrupt "without going to Court, and without the help of any lawyer, collector or sheriff."

The defendant took out a retail license in his own name for the place where the business was carried on, but no name was exhibited at such place of business.

On the 22d of September, 1884, the defendant being dissatisfied with the conduct of the bankrupt, took possession of his

store and of the goods and effects therein, including, as it is admitted, some goods (groceries, etc.) which had not been supplied by the defendant, and were not his property.

The store remained closed for upwards of two months, and the goods were eventually sold at auction, by order of the defendant, by Mr. Hitchcock, on the 2d and 20th days of December, 1884.

Jose P. Amaral was adjudicated a bankrupt on the 2d day of December, 1884, and the plaintiff was appointed assignee, and the action is brought by him to recover the value of the goods in the store at the time of the defendant's entry.

Evidence was taken before me at various times during the vacation, upon the consideration of which and the documents referred to, I am of opinion that the plaintiff is entitled to recover in respect of the goods taken by the defendant which were purchased by the bankrupt from outside parties.

Counsel for the defendant contended that in the event of my so finding, the measure of damage should be the price realized at the auction sales.

On the other hand the plaintiff contends he is entitled to recover the actual value at the time of the conversion, on the 22d September.

I think the plaintiff's contention is correct.

From the testimony, and in the nature of things, the goods deteriorated during the time the store remained closed, being damaged by rats and otherwise.

The plaintiff being entitled to recover the value of the goods at the date of the conversion: How is that value to be ascertained?

The defendant, on taking possession, caused an inventory and valuation to be taken and made by Mr. Mabey, the manager of Mr. Cleghorn's store at Hilo; this inventory was filed by the defendant, and it is the only basis upon which I can calculate the value.

From this valuation it appears that the goods improperly taken by the defendant were valued at $301.79.

I have not been furnished with the account sales of the auctioneer showing the expenses of the sales, and must therefore allow such amount as I think would be reasonable, and I allow ten per cent upon the said value, amounting to $30.18.

I therefore am of opinion that the plaintiff is entitled to recover from the defendant the sum of two hundred and seventy-one dollars and sixty-one cents ($271.61), and I give judgment for that sum with costs.

*F. M. Hatch,* and plaintiff in person.

*L. A. Thurston and Ashford & Ashford,* for defendant.

June 25th, 1886.